THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE CIVLR 5.4.
(Rule Number/Section)

☑ FILED ☐ LODGED
☐ RECEIVED ☐ COPY

NOV 0 2 2016

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___HO___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA PHOENIX DIVISION

"Rocky" Roque De La Fuente,

Plaintiff,

v.

State of Arizona; Michele Reagan, Arizona Secretary of State; and DOES 1-20 inclusive.

Defendant.

CASE NO. CV-16-2419-PHX-JZB

COMPLAINT FOR:

1) Violation of the Due Process Clause – 42 U.S.C. § 1983 - Undue Burden
2) Violation of the Equal Protection Clause

JURY TRIAL REQUESTED

## INTRODUCTION

This is an action involving the silencing of voters' voices and ability to enact political change within the state of Arizona because the requirements of Arizona Revised Statutes § 16-801 and § 16-803 make it impossible for voters to respond to current political developments by forming a new party during an election year. Furthermore, political choice in Arizona is stifled by the petition requirements of Arizona Revised Statutes, § 16-341, creating unnecessary and overly burdensome barriers to ballot access for Independent Presidential candidates. These laws infringe on the First and Fourteenth Amendment rights for new parties and independent candidates, robbing the people of Arizona of choices on election day. This Complaint seeks to overturn the unconstitutional

1

statutes as a matter of law and as applied to Plaintiff.

## JURISDICTION & VENUE

1. This is an action for legal and equitable relief pursuant to 42 U.S.C. §1983 for violation of Plaintiffs rights under the First and Fourteenth Amendments to the United States Constitution and for violation of the "Elections" Clause of Article I, Section 4, of the United States Constitution.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1367.

## PARTIES

3. Plaintiff "Rocky" Roque De La Fuente ("De La Fuente") is a candidate for President of the United States desiring to have his name put on the 2016 Presidential ballot in Arizona, through an Independent candidacy or the nomination of a newly formed political party.

4. Defendant, Arizona Secretary of State Michele Reagan, is the supervisor and director of all election matters in Arizona.

5. The State of Arizona is responsible for the statutory scheme in question.

6. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 20, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to and, thereby, proximately and legally caused injury and damage to Plaintiffs as herein alleged. Plaintiffs will

2

ask leave of the Court, as necessary, to amend this complaint to set forth their true names and/or capacities once same are ascertained.

## ELECTION STATUTES IN QUESTION

7. Arizona Revised Statutes, § 16-341(A) outlines the signature requirements and deadlines that an Independent presidential candidate needs to submit to be placed on the general election ballot:

> The nomination petition shall conform as nearly as possible to the provisions relating to nomination petitions of candidates to be voted for at primary elections and shall be signed by at least the number of persons who are registered to vote determined by calculating three per cent of the persons who are registered to vote of the state, county, subdivision or district for which the candidate is nominated who are not members of a political party that is qualified to be represented by an official party ballot at the next ensuing primary election and accorded representation on the general election ballot. Arizona Revised Statutes Section 16-341(E).

8. For the 2016 general election, an independent presidential candidate in 2016 needs to collect 36,000 signatures in order to be named on the general election ballot in Arizona.[1]

9. Arizona Revised Statutes § 16-801(A) provides for the number of signatures required for a new political party to gain ballot access, stating:

> A new political party may become eligible for recognition and shall be represented by an official party ballot at the next ensuing regular primary election and accorded a column on the official ballot at the succeeding general election on filing with the secretary of state a petition signed by a number of qualified electors equal to not less than one and one-third per cent of the total

---

[1] In the October 2015 edition of *Ballot Access News*, ballot access expert Richard Winger estimated that an independent presidential candidate in 2016 would need to collect 36,000 signatures in Arizona in order to get on the ballot. https://ballotpedia.org/Ballot_access_requirements_for_presidential_candidates_in_Arizona

votes cast for governor at the last preceding general election at which a governor was elected. From this number, at least five different counties shall be included as the county of registration among the required total of qualified electors and at least ten per cent of the required total of qualified electors shall be registered in counties with populations of less than five hundred thousand persons.

10. In order for a new political party to gain ballot access, a new political party needs to collect 20,860 signatures.

11. Arizona Revised Statutes § 16-803(A) outlines when a political party must submit petitions for ballot access:

> A petition for recognition of a new political party shall be filed with the secretary of state, the officer in charge of elections of the county or the city or town clerk, as the case may be, not less than one hundred eighty days before the primary election for which the party seeks recognition. A new party that seeks both state and county recognition may file the original petition with the officer in charge of elections for the county and a certified copy of the petition with the secretary of state.

12. The deadline for a new Political Party to gain ballot access is March 8, 2016, one of the earliest in the country and eight (8) months before the general election.

13. De La Fuente enjoys a significant modicum of support nationally and in the State of Arizona.

## **CONSTITUTIONAL PROVISIONS**

14. Article I, Section 4, of the United States Constitution, commonly referred to as the "Elections Clause," provides, in relevant part:

4

The Times, Places, and Manner of holding Elections for Senators and representatives, shall be prescribed in each State by the Legislature thereof...

15. Article 4, Section 2, of the United States Constitution provides:

The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States.

16. The First Amendment of the United States Constitution provides:

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or the right of the people to peaceably assemble, and to petition the government for a redress of grievances.

17. The Fourteenth Amendment of the United States Constitution provides, in relevant part:

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No state shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

## COUNT 1
**Declaratory and Injunctive Relief - 42 U.S.C. § 1983 – Violation of the Due Process Clause –Undue Burden- Plaintiff's First and Fourteenth Amendment Rights to Free Speech, Free Association, and Voting Rights, have been violated.**

18. Plaintiff repeats, re-alleges and incorporates by reference each and every allegation contained in paragraphs above.

19. In order to prevail on a §1983 claim Plaintiffs must show that: (1) the conduct complained of was committed by a person acting under the color of state law: and (2) the conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981).

20. Defendant, Michele Reagan, acting under color of state law, is imposing laws that unduly burdens Plaintiff and deprives him and those who would vote for him the fundamental right to vote for their candidate in public office.

21. The Defendant's actions, acting under color of state law, deprived and severely burdens Plaintiff's political speech and political association rights in direct violation of the First and Fourteenth Amendments to the United States Constitution, as remedial by 42 U.S.C. § 1983.

22. Ballot access restrictions diminish the statewide and national viability of the person or entity whose ballot presence is denied, thereby diminishing the value of votes cast by the harmed parties.

23. Arizona Revised Statutes, § 16-341 establishes that an Independent candidate must obtain 36,000 signatures in order to be placed on the presidential ballot. Furthermore, no person signing the petition can be a member of a political party in Arizona.

24. Arizona Revised Statutes, § 16-801 establishes that a new political party must obtain 20,860 signatures in order to gain ballot access, and, "from this number, at least five different counties shall be included as the county of registration among the required total of qualified electors and at least ten per cent of the required total of qualified electors shall be registered in counties with populations of less than five hundred thousand persons."

25. Arizona Revised Statutes § 16-803 places the deadline to register a new political party with ballot access on March 8th, 2016, eight (8) months before the general election.

26. These petition requirements are in excess of those that satisfy constitutional standards and unduly infringe upon the constitutional rights of Plaintiff to fully and properly participate in the electoral process.

## COUNT II
### Violation of the Equal Protection Clause of the Fourteenth Amendment

27. Plaintiff incorporates the allegations set forth elsewhere in this complaint as if they were set forth in full in this paragraph

28. Defendant, acting under color of state law, deprived Plaintiff of the rights, privileges and immunities secured to him under the equal protection clause of the Fourteenth Amendment to the United States Constitution and § 1983 of title 42 of the United States Code to participate in the democratic process free from discriminatory action, both in intent and deliberate effect, by enforcing the statutes in question, the arbitrary restrictions of which make it extremely burdensome to organize and qualify a political party, or run as an Independent Candidate.

29. Plaintiff has no adequate remedy at law for such deprivation of his rights, privileges and immunities.

/

/

/

/

/

/

/

/

/

**WHEREFORE**, Plaintiffs ask that the Court enter judgment:

A. Declaring that Arizona's statutory scheme unconstitutionally infringes upon the Plaintiff's right to ballot access and to participate in the electoral process;

B. Declaring that the Arizona statutory requirements impose an unduly and unjustifiable burden on Independent presidential candidates;

C. Declaring that Arizona has no compelling interest in imposing the statutory restrictions upon Independent presidential candidates; and that such burden on Independent candidates outweighs any interest the State may have in requiring Independent candidates to amass 36,000 signatures;

D. Declaring that Arizona has no compelling interest in imposing the statutory restrictions on new political parties, and that such burden on Political Parties outweighs any interest the State may have in requiring new Political Parties to amass 20,860 signatures to gain ballot access.

E. Declaring that Arizona has no compelling interest in imposing a deadline for new Political Parties that is eight (8) months before the general election, and that such burden on new Political Parties outweighs any interest the State may have in imposing such an early deadline.

F. Declaring that Arizona's statutory scheme violates the Equal Protection Clause;

G. Enjoining each of the unconstitutional statutes and preventing the Defendants from enforcing said laws;

9

H. Ordering that De La Fuente be placed on the 2016 Presidential Ballot in Arizona;

I. <u>Granting De La Fuente judgment for compensatory damages against Defendants in an amount reasonable and commensurate with the losses imposed upon him by Defendants' unlawful acts</u>;

J. Granting De La Fuente such other and further relief as to which he may be entitled and which the Court may deem equitable and just;

K. Awarding applicable fees and costs of this action.



Respectfully Submitted,
"Rocky" Roque De La Fuente
5440 Morehouse Drive # 45
San Diego, California 92121
858-239-9007
roque@rocky2016.com

10