**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roque De La Fuente, | No. CV-16-02419-PHX-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to Amend (Doc. 11) and Defendant Arizona Secretary of State Michele Reagan's Motion to Dismiss (Doc. 7). For the reasons below, the Court will deny Plaintiff's Motion to Amend and grant Defendant Reagan's Motion to Dismiss.

**I. Background**

On July 20, 2016, Plaintiff filed his initial Complaint in this matter. (Doc. 1.) In his Complaint, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 for violations of his First and Fourteenth Amendment rights. More specifically, Plaintiff challenges the constitutionality of Arizona state election laws, A.R.S. § 16-801, A.R.S. § 16-803, and A.R.S. § 16-341, which impose petition requirements to establish a new political party in Arizona and to allow an independent political candidate to appear on a ballot. (*Id.*) Plaintiff's Complaint seeks judgment (1) declaring that the Arizona statutory provisions he challenges are unconstitutional, (2) enjoining Defendants from enforcing each of the provisions, and (3) ordering that Plaintiff be placed on the 2016 presidential ballot in

Arizona. (*Id.* at 7-8.)

On September 23, 2016, Defendant Reagan filed a Partial Motion to Dismiss, requesting the Court dismiss Plaintiff's claim for injunctive relief in the form of a Court order requiring that he be placed on the 2016 presidential ballot in Arizona because such relief is barred by the doctrine of laches. (Doc. 7.) On September 30, 2016, the Court issued an Order directing Plaintiff to respond to Defendant's Motion to Dismiss on or before October 31, 2016, and warning him of the consequences of his failure to respond. (Doc. 10.) Specifically, the Court cautioned Plaintiff that it "may, in its discretion, treat your failure to respond to Defendant's Partial Motion to Dismiss as consent to the granting of that Motion without further notice," and "[i]f the Court grants the Partial Motion to Dismiss, your claim for injunctive relief will be dismissed." However, Plaintiff has not responded to the Motion to Dismiss.

Instead, on November 2, 2016, Plaintiff filed a Motion to Amend his Complaint. (Doc. 11.) Plaintiff's proposed First Amended Complaint asserts the same claims and allegations against Defendants as his initial Complaint (*see* Docs. 1, 12). However, Plaintiff, appearing to acknowledge that his case would not be litigated in time for him to appear on the 2016 presidential ballot, seeks to amend his Complaint to add a claim for compensatory damages he asserts resulted from Arizona's unconstitutional statutory scheme. (Doc. 11 at 2.) On November 16, 2016, Defendants State of Arizona and Reagan filed a Response in Opposition to Plaintiff's Motion to Amend. (Doc. 13.) Plaintiff has not filed a reply, and the time to do so has passed. LRCiv. 7.2(d).

**II.   Plaintiff's Motion to Amend**

Plaintiff seeks to amend his Complaint to include a claim for compensatory damages resulting from Defendants' enforcement of the statutory provisions Plaintiff challenges. (Docs. 11, 12.)

Rule 15(a) of the Federal Rules of Civil Procedure provides that "the court should freely give leave [to amend] when justice so requires." However, a district court has the discretion to grant or deny a motion to amend. *See, e.g.*, *Ventress v. Japan Airlines*, 603

F.3d 676, 680 (9th Cir. 2010); *Chappel v. Laboratory Corp. of Amer.*, 232 F.3d 719, 725 (9th Cir. 2000). Factors that may justify denying a motion to amend are undue delay, bad faith or dilatory motive, futility of amendment, undue prejudice to the opposing party, and whether the plaintiff has previously amended his or her pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin*, 59 F.3d at 845; *see also Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend.").

Defendants oppose Plaintiff's Motion to Amend on the basis that the proposed amendment is futile. (Doc. 13.) More specifically, Defendants contend that Plaintiff's request for monetary damages against Defendants is barred by the Eleventh Amendment.

The Eleventh Amendment prohibits Plaintiff from bringing a claim for damages against the State of Arizona or the Secretary in her official capacity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("This Court's decisions thus establish that 'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.'" (internal citations omitted)); *Cortez v. Cty. of L.A.*, 294 F.3d 1186, 1188 (9th Cir. 2001) ("a state and its officials sued in their official capacity are not considered 'persons' within the meaning of § 1983, due to the sovereign immunity generally afforded states by the Eleventh Amendment."). There is, however, an exception to this general rule for claims seeking prospective relief. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Here, Plaintiff's proposed amendment seeks damages against the State and a State official in her official capacity. Therefore, Plaintiff's proposed amendment is barred by the Eleventh Amendment and is futile. Plaintiff has not provided any basis for the Court to find otherwise. Accordingly, the Court will deny Plaintiff's Motion to Amend.

**III.   Defendant Reagan's Partial Motion to Dismiss**

Also pending before the Court is Defendant Reagan's Partial Motion to Dismiss.

1 (Doc. 7.) Defendant requests the Court dismiss Plaintiff's claim for an order requiring
2 Defendants to place Plaintiff on the 2016 presidential ballot in Arizona because his claim
3 is barred by the doctrine of laches.

4 The Court will grant Defendant's Motion. As an initial matter, and as Plaintiff
5 concedes, Plaintiff's request for an order requiring he placed on the 2016 presidential
6 ballot is now moot as the election has already occurred. (Doc. 11 at 3.) Further, even if
7 the request was not moot, the Court finds that the requested relief is barred by laches.
8 "Laches—unreasonable and prejudicial delay—requires denial of injunctive relief,
9 including preliminary relief." *Ariz. Pub. Integrity All. Inc. v. Bennett*, No. CV-14-01044-
10 PHX-NVW, 2014 WL 3715130, at *2 (D. Ariz. June 23, 2014). "In the context of
11 election matters, the laches doctrine seeks to prevent dilatory conduct and will bar a
12 claim if a party's unreasonable delay prejudices the opposing party or the administration
13 of justice." *Ariz. Pub. Integrity All. Inc.*, 2014 WL 3715130, at *2 (citation omitted).
14 The Court considers the justification for the delay, the extent of Plaintiff's advance
15 knowledge of the basis for the challenge, and whether Plaintiff exercised diligence in
16 preparing and advancing his case. *Ariz. Lib. Party v. Reagan*, No. CV-16-01019-PHX-
17 DGC, 2016 WL 3029929, at *2 (D. Ariz. May 27, 2016); *Harris v. Purcell*, 973 P.2d
18 1166, 1169-70 (Ariz. 1998).

19 Here, Plaintiff's delay is unreasonable and has prejudiced Defendants and the
20 administration of justice. Plaintiff filed this action on July 20, 2016, approximately four
21 months after the March 2016 deadline for filing a petition to be recognized as a new
22 party. (Doc. 1); A.R.S. § 16-803(A). Plaintiff waited another six weeks to serve
23 Defendant Reagan, which was only one week before the deadline for filing nomination
24 petitions to run for President as an independent candidate. (Doc. 8); A.R.S. § 16-341(G).
25 Plaintiff did not move for preliminary injunctive relief, even after receiving Defendant
26 Reagan's September 23, 2016 Motion to Dismiss based on laches. (Doc. 7.) Notably, the
27 statutes that Plaintiff challenges in this action are not new. *See* A.R.S. §§ 16-801, 16-
28 803, 16-341.

Plaintiff has not provided any explanation or basis for his delay. And, Plaintiff's delay is greater and more unreasonable than in the delay in other cases where courts have found laches bars injunctive relief. *See Ariz. Lib. Party v. Reagan*, 2016 WL 3029929, at \*4 (plaintiffs request for injunctive relief was barred by laches because plaintiffs were aware of the basis for their challenge to the relevant statutory requirements by August 2015, but did not file their complaint until April 12, 2016, and did not move for a temporary restraining order until May 12, 2016, less than three weeks before the deadline for nomination petitions); *Ariz. Pub. Integrity All. Inc.*, 2014 WL 3715130, at \*2-3 (plaintiffs request for a preliminary injunction was barred by laches because plaintiffs waited until two weeks before the Secretary began signature validation to file their motion for a preliminary injunction, even though the statute they challenged was not new). Finally, Plaintiff's delay has caused prejudice in light of the deadline for transmitting absentee ballots to uniformed service voters and overseas voters and the deadlines related to preparing ballots for early voting. (Doc. 7 at 4.) For these reasons, the Court will grant Defendant Reagan's Motion to Dismiss.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Amend (Doc. 11) is denied.

**IT IS FURTHER ORDERED** that Defendant Reagan's Partial Motion to Dismiss (Doc. 7) is granted. Plaintiff's claim for injunctive relief in the form of an order requiring that he be placed on the 2016 presidential ballot is dismissed.

**IT IS FURTHER ORDERED** that Defendants shall answer the remainder of Plaintiff's Complaint within the time frame provided by Rule 12 of the Federal Rules of Civil Procedure.

Dated this 9th day of January, 2017.

Honorable John Z. Boyle
United States Magistrate Judge