Mark Brnovich
Attorney General
Firm Bar No. 14000

Joseph E. La Rue (031348)
Kara M. Karlson (029407)
  *Assistant Attorneys General*
Office of the Attorney General
2005 N. Central Ave.
Phoenix, AZ  85007
Telephone (602) 542-4951
Facsimile (602) 542-4385
joseph.larue@azag.gov
kara.karlson@azag.gov
AdminLaw@azag.gov

Attorneys for Defendant
Katie Hobbs, Arizona Secretary of State

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Roque "Rocky" De La Fuente,<br><br>Plaintiff,<br><br>vs.<br><br>Katie Hobbs, in her official capacity as the Secretary of State of Arizona,<br><br>Defendant. | Case No: 2:16-cv-02419-JZB<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY OF RICHARD WINGER** |

The Secretary filed a "*Daubert*" motion, (Doc. 78, "Motion"), seeking to exclude testimony offered by Plaintiff's expert, Richard Winger, (Doc. 60, "Expert Declaration"), because it does not satisfy the Rule 702 standard.  Specifically, the Winger Declaration fails to satisfy the requirements related to helpfulness and reliability.  (*Id*. at 2-5.)  Also, part of the expert testimony relates to legislative intent—a subject about which experts cannot give expert opinion.  (*Id*. at 5-6.)

As part of Plaintiff's response, (Doc. 84, "Response"), he included was a new declaration from Richard Winger, providing previously-undisclosed testimony related to his opinion concerning legislative intent.  (Second Decl. of Pl.'s Expert Witness, Doc. 84-2 (re-filed as Doc. 86-3) ("Too-Late Expert Declaration").)  Plaintiff's Response relies on this new, and previously undisclosed, testimony.  (Response at 3, 6-7.)

The Secretary now offers this short Reply.

## ARGUMENT

### I. The Harlan Concurrence Regarding Ballot Clutter and Vote Confusion Does Not State the Law.

Plaintiff cites Justice Harlan's concurrence in *Williams v. Rhodes*, 393 U.S. 23, 46-47 (1968).  (Response at 2.)  Plaintiff argues that Justice Harlan suggested that the only legitimate interest a state has for signature requirements for candidates is its interest in avoiding ballot clutter and voter confusion, and that such confusion and clutter cannot occur with eight or fewer candidates on the ballot.  (*Id.*)  Plaintiff treats these suggestions from Justice Harlan's concurrence as if they were black-letter law.  They are not.

As an initial matter, Justice Harlan's opinion is a *concurrence*, not the majority opinion, and does not state the holding of the case.  But even more than that, Justice Harlan's opinion is not even persuasive for the points upon which Plaintiff rests his argument.  This is evident from the fact that the Supreme Court has recognized legitimate state interests in ballot access requirements besides preventing ballot clutter and confusion.  So, for example, the Court recognized that ballot access requirements serve important interests of minimizing frivolous candidacies, *Lubin v. Panish*, 415 U.S. 709, 715 (1974), maintaining fairness, honesty, and order, *Burdick v. Takushi*, 504 U.S. 428, 441 (1992), avoiding possible deception and frustration of the voting process, *Jenness v. Fortson*, 403 U.S. 431, 442 (1971), avoiding waste of state resources, *Anderson v. Celebrezze*, 460 U.S. 780, 788 n.9, (1983), and assuring that the winning candidate enjoys actual support, rather than winning because of protest votes, *Bullock v.*

1 *Carter*, 405 U.S. 134, 145 (1972).

2 Also, neither the Supreme Court nor the Ninth Circuit has ever held that, as a
3 matter of law, eight or fewer candidates per office cannot produce ballot clutter and
4 voter confusion. Nor has the Court ever held that those things are a litmus test, such that
5 ballot access restrictions are unconstitutional in the absence of clutter and confusion.
6 Rather, the Court explained that "[w]e have never required a State to make a
7 particularized showing of the existence of voter confusion, ballot overcrowding, or the
8 presence of frivolous candidacies prior to the imposition of reasonable restrictions on
9 ballot access." *Munro v. Socialist Workers Party*, 479 U.S. 189, 194-95 (1986). Such a
10 showing is not required because, among other reasons, it serves no one to require the
11 State to demonstrate specific harms, like voter confusion and low turnout, before it can
12 take steps to ensure the integrity of the election system. *See id.*

13 As a result, Plaintiff's urging that ballot access restrictions are per se
14 unconstitutional when they are unnecessary to combat actual clutter and confusion,
15 along with his contention that such clutter or confusion cannot occur with fewer than
16 eight candidates, (Response at 2), is misplaced.

**II. Winger's Testimony Regarding Legislative Intent Is Not a Proper Subject for Experts, and the Too-Late Expert Declaration Does Not Change That.**

19 In her Motion, the Secretary sought to exclude all of Richard Winger's expert
20 testimony regarding the intent of Arizona's legislature when it enacted the current ballot
21 access requirements. (Motion at 5-6.) Plaintiff seeks to overcome the Secretary's
22 Motion by filing the Too-Late Expert Declaration with his Response. That new
23 declaration claims that Mr. Winger "worked directly with" Ross Perot supporters who
24 were attempting to amend Arizona's ballot access requirements, as well as with the then-
25 Secretary of State. (Response at 6-7.) Relying on these affirmations in the Too-Late
26 Expert Declaration, Plaintiff urges that "Mr. Winger is ***uniquely*** qualified to testify as to
27 the legislative intent on adopting the challenged signature collection requirement
28 imposed on independent candidates." (*Id.*)

3

1. Not so. The legislature enacted the law, not Ross Perot's supporters or the then-Secretary. Mr. Winger's experience advising the proponents of the law, or even the secretary of state at the time, does not qualify him to speak regarding the intent of the legislative body that passed the law. Even if he had had conversations with individual members of the legislature—something that he does not aver doing—he *still* would not be qualified to opine on the intent of the full legislative body.

Regardless, as the Secretary explained in her Motion, "[i]nferences about the intent or motive of parties or others lie outside the bounds of expert testimony." (Motion at 6.) This is black-letter law, (*id.*), and is recognized by this Court. *McClure v. Country Life Ins. Co.*, 326 F. Supp. 3d 934, 942 (D. Ariz. 2018) (noting that an expert's testimony regarding motives or intent is not proper expert opinion). Plaintiff's affirmation that Winger "worked directly with Ross Perot supporters in Arizona and the then Secretary of State of Arizona to make the ballot access process easier for independent candidates[,]" (Response at 7), does not change that principle of law.

As the Secretary explained when she asked this Court to strike the Too-Late Expert Declaration, it was submitted long after the time for disclosure of experts and their reports had passed. (Motion to Strike, Doc. 85.) That motion to strike is now fully briefed and awaiting this Court's decision. But even if the Court denies the motion to strike, the Too-Late Expert Declaration submitted with Plaintiff's Response cannot save Richard Winger's testimony about legislative intent. Accordingly, this Court should exclude all of Winger's testimony discussing legislative intent.

## CONCLUSION

For the reasons set forth in the Secretary's Motion and this Reply, this Court should exclude the testimony offered by Plaintiff's expert witness, Richard Winger.

//

//

//

4

1  Respectfully submitted this 26th day of February, 2019.

Mark Brnovich
Attorney General

  s/Joseph E. La Rue
Joseph E. La Rue (031348)
Kara M. Karlson (029407)
  *Assistant Attorneys General*

Attorneys for Defendant Katie Hobbs,
Arizona Secretary of State

**CERTIFICATE OF SERVICE**

I certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following, this 26th day of February, 2019:

Paul A. Rossi, Esq.
IMPG Advocates, Inc.
316 Hill Street
Mountville, PA 17554
Phone: 717.961.8978
Paul-Rossi@comcast.net


Morgan J.C. Scudi
Lucas I Mundell
Scudi & Ayers, LLP
5440 Morehouse Dr., Ste. 4400
San Diego, CA  92121
mscudi@scudilaw.com
lmundell@scudilaw.com

*Attorneys for Plaintiff*

                                           s/ Maureen Riordan
                                           Maureen Riordan

PHX-7694201-v2