Paul A. Rossi, Esq.
IMPG Advocates, Inc.
*Counsel to Plaintiff*
316 Hill Street
Mountville, PA  17554
717.681.8344
Paul-Rossi@comcast.net

*Admission Pro Hac Vice*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

ROQUE "ROCKY" DE LA FUENTE,

    Plaintiff,

vs.

MICHELE REAGAN, in her official capacity as the Secretary of State of Arizona,

    Defendants.

Case No.: 2:16-cv-02419-PHX-JZB

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER THE JUDGMENT OF THE COURT

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER THE JUDGMENT OF THE COURT

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff respectfully request that this Court amend or alter its judgment granting Defendant's motion for summary judgment and denying Plaintiff's motion for summary judgment in the Court's Order dated June 11, 2019 (Doc. #89).  As set forth in Plaintiff's instant motion, Plaintiff respectfully requests that this court vacate the June 11, 2019 Order and enter a stay in this case pending the Ninth Circuit's pending decision in *Roque "Rocky" De La Fuente v. Padilla*, 9th Circuit, Appeal No. 17-56668 (Argued and Submitted March 12, 2019).

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER THE JUDGMENT OF THE COURT - 1

The Ninth Circuit's pending decision in *Roque "Rocky" De La Fuente v. Padilla*, decision is likely to be binding on Plaintiff's claim that Arizona's signature requirement for independent presidential candidates in unconstitutional. California and Arizona are in the top three of states, relative to their populations, in the number of valid signatures required for independent presidential candidates to secure ballot access. The signature requirements imposed in both California and Arizona necessary to secure ballot access for independent candidates have resulting in the virtual absence of independent presidential candidates from appearing on their ballots since Ross Perot (who himself has now died). Judge J. Clifford Wallace of the Ninth Circuit commented at oral argument in *Padilia* commented that perhaps "it would be good if you did not need to be a millionaire" to run as an independent presidential candidate. The Ninth Circuit also questioned counsel as to the number of signatures which would provide De La Fuente an appropriate remedy in California. The Court also directly addressed the decisions in other courts, that this court did not consider, striking excessive signature requirements as unconstitutional asking counsel which decision was the best authority for striking California's signature requirement. At oral argument, Judge M. Margaret McKeown acknowledged the problem of the ever escalating number of signatures required to secure ballot access for independent presidential candidates in California based on a percentage of registered voters (as opposed to some percentage of a prior vote total) in the state, as is the case in Arizona.

The panel has issued t its opinion on all the cases argued on March 12, 2019 and the *Padilia* case is the last case left for the panel to issue. Accordingly, Plaintiff believes principals of judicial economy militate in favor of Plaintiff's requested relief. Filing an appeal of this Court's June 11th decision to the Ninth Circuit when a dispositive decision is likely to be issued in the next few weeks does not make a lot of sense, where this court can vacate its June 11th

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER THE JUDGMENT OF THE COURT - 2

decision, enter a stay and review its decision after the Ninth Circuit issues its binding decision in *Padilia*.

In addition, the court has created, out of whole cloth, that states can impose a higher signature requirement for independent presidential candidates to secure ballot access than the signature requirement imposed on new political parties just because the deadline for independent presidential candidates is later than the deadline for new political parties.  No court has ever permitted such a signature discrepancy merely because the deadline for independent presidential candidates is later than new political party formation.  Additionally, county distribution requirements have been universally held in violation of the 14th Amendment to the United States Constitution and cannot be saved based on any basis than a showing that distribution is based apportioned districts.

Accordingly, for all for foregoing stated reasons, the Court should vacate its opinion granted Defendant's motion for summary judgment and denying Plaintiff's motion for summary judgment and enter a stay in this action until the United States Court of Appeals for the Ninth Circuit issues its decision in *Roque "Rocky" De La Fuente v. Padilia*, No 17-56668 (9th Cir. Argued and Submitted, March 12, 2019).

                                                           Respectfully submitted,

Dated:  July 9, 2019                         ___**s/ Paul A. Rossi**_____
                                                         Paul A. Rossi, Esq.
                                                          *Counsel to Plaintiff*
                                                          IMPG Advocates, Inc.
                                                          316 Hill Street
                                                          Mountville, PA  17554
                                                          717.681.8344
                                                          Paul-Rossi@comcast.net

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER THE JUDGMENT OF THE COURT - 3

**CERTIFICATE OF SERVICE**

Plaintiff, by and through his undersigned legal counsel, hereby certifies that on this date a true and correct copy of the foregoing document was served via the Court's ECF system on the following opposing counsel:

Kara Karlson
Office of the Attorney General – Phoenix
*Counsel for Defendants*
1275 W Washington Street
Phoenix  AZ  85007-2997
Phone:  602-542-8118
Fax:  602-542-8308
AdminLaw@azag.gov
Kara.Karlson@azag.gov

Joseph Eugene LaRue
Office of the Attorney General – Phoenix
*Counsel for Defendants*
1275 W Washington Street
Phoenix AZ  85007-2997
Phone:  602-542-1763
Fax:  602-542-8308
AdminLaw@azag.gov
Joseph.Larue@azag.gov

Dated:  July 9, 2019                     ___s/ Paul A. Rossi_____
                                         Paul A. Rossi, Esq.
                                         *Counsel to Plaintiff*
                                         IMPG Advocates, Inc.
                                         316 Hill Street
                                         Mountville, PA  17554
                                         717.961.8978
                                         Paul-Rossi@comcast.net

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND OR ALTER THE JUDGMENT OF THE COURT - 4